IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JAMES E. HAMILTON, JR.,**　　　　　　　CASE NO. 2:07-cv-668
　　　　　　　　　　　　　　　　　　　　　　**JUDGE GRAHAM**
　　**Petitioner,**　　　　　　　　　　　　**MAGISTRATE JUDGE KING**

v.

**WARDEN, Lebanon Correctional Facility,**


　　**Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court on the instant petition, respondent's Return of Writ, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

## I.  PROCEDURAL HISTORY

On February 2, 2005, while represented by counsel and pursuant to the terms of his guilty plea, petitioner waived his right to indictment by a grand jury and pleaded guilty to aggravated murder.  *Exhibits 1-3 to Return of Writ*.  In an entry filed on February 4, 2005, the trial court sentenced petitioner to twenty years to life with possibility of parole after twenty years.  *Exhibit 4 to Return of Writ*.  Represented by new counsel, petitioner filed a timely appeal.  He asserted as follows:

> James E. Hamilton was deprived of his right to due process under the Fourteenth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution

> when the trial court accepted an unknowing, unintelligent, and involuntary guilty plea.

*See State v. Hamilton*, 2005 WL 2592964 (Ohio App. 4 Dist. October 12, 2005). Petitioner also asserted

> that his trial counsel's failure to object to the court's misstatements regarding post-release control constituted ineffective assistance of counsel.

*See id.* On October 12, 2005, the appellate court affirmed the judgment of the trial court. *Id.* Petitioner did not file a timely appeal to the Ohio Supreme Court; however, on November 15, 2006, he filed a pro se motion for delayed appeal. *Exhibits 10 and 11 to Return of Writ.* On December 27, 2006, the Ohio Supreme Court denied petitioner's motion for delayed appeal and dismissed the appeal. *Exhibit 13 to Return of Writ.*

On July 12, 2007, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding [of] nature of charge.
>
> 2. Denial of effective assistance of counsel.
>
> 3. Conviction obtained by use of coerced confession.

It is the position of the respondent that this action must be dismissed as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

## II. STATUTE OF LIMITATIONS

2

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. §2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final on November 26, 2005 - *i.e.*, forty-five days after the Ohio Fourth District Court of Appeals dismissed his appeal, on October 12, 2005 - when the time period expired to file a timely appeal to the Ohio Supreme Court. *See Marcum v. Lazaroff*, 301 F.3d 480, 481 (6th Cir. 2002); *Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir.

2001); Ohio Supreme Court Rule of Practice II Section 2(A)(1)(a). The statute of limitations ran for three hundred and fifty-four days, until November 15, 2006, when petitioner filed his motion for delayed appeal with the Ohio Supreme Court. Petitioner's motion for delayed appeal tolled the running of the statute of limitations until December 27, 2006, when the Ohio Supreme Court denied his motion and dismissed the appeal. *See Lawrence v. Florida*, 127 S.Ct. 1079 (2007)(statute of limitations is not tolled under 2244(d)(2) during the time period that petitioner could have filed a petition for a writ of *certiorari* in the United States Supreme Court). The statute of limitations expired eleven days later, on January 7, 2007. Petitioner did not sign the instant petition until approximately six months later, on July 10, 2007. The petition is therefore untimely. Further, he has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See King v. Bell,* 378 F.3d 550, 553 (6th Cir.2004) (citations omitted).

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as time-barred.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations

4

made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


<u>May 21, 2008</u>                                                               <u>  s/Norah McCann King           </u>
                                                                                         Norah McCann King
                                                                                         United States Magistrate Judge

5